UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18CV715 HEA |
| | ) | |
| LINCOLN COUNTY CIRCUIT CLERK, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Nathaniel Simmons, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.42. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly balance of $6.27, and an average monthly deposit of $7.10. The Court will therefore assess an initial partial filing fee of $1.42, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id*. at 679.

*Pro se* complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint."

*Stone*, 364 F.3d at 914-15. In addition, giving a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the instant complaint pursuant to 42 U.S.C. § 1983 against the Lincoln County Circuit Clerk, and the State of Missouri. He claims he was "wrongfully incarcerated/falsely imprisoned from November 2007 until February 2009 due to the 'misplacement' of my court transcripts by the Lincoln County Clerk's Office after being poorly advised by my public defender to plead guilty to a felony that was not in fact a felony in Judge Brackman's court in April 2008." (Docket No. 1 at 3). Plaintiff claims that he sought post-conviction relief, but "all of the efforts to vacate my sentence were on hold awaiting the court transcripts from the Lincoln County Clerk's Office where they were 'lost' until after my release on parole in 2009." *Id.* at 4. Plaintiff writes: "the case was eventually vacated, though it was refiled by Lincoln County only to be dismissed again. Meanwhile I spent a total of 15½ months incarcerated, and another 6 months in courts and on supervision." *Id.* Plaintiff claims this destroyed his marriage, cost him all of his property, and led to the state taking custody of his child.

Plaintiff seeks $1.5 million in damages, and he asks this Court to remove the interlock stipulation from his driver's license reinstatement requirements.

**Discussion**

Section 1983 claims are analogous to personal injury claims, and are subject to Missouri's five-year statute of limitations. *Sulik v. Taney County, Mo.*, 393 F.3d 765, 766-67

(8th Cir. 2005). "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an *in forma pauperis* complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (*per curiam*).

Plaintiff claims that the Lincoln County Clerk's Office misplaced his court transcripts during the period 2007 through 2009. Therefore, the latest possible wrongdoing on the part of the Lincoln County Clerk's Office would have occurred in the year 2009. However, plaintiff did not file the complaint until May 7, 2018, approximately nine years later and well after the expiration of the statute of limitations. The Court will therefore dismiss plaintiff's complaint as frivolous based on the expiration of the statute of limitations. *See id.; see also* 28 U.S.C. § 1915(e)(2)(B)(i).

Even if the complaint had been timely filed, it would be subject to dismissal. Court clerks, like defendant Lincoln County Circuit Clerk, "have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process unless the clerks acted in the clear absence of all jurisdiction." *Boyer v. County of Washington,* 971 F.2d 100, 101 (8th Cir. 1992) (internal quotation marks and citation omitted). The Eighth Circuit has recognized that "the filing of complaints and other documents is an integral part of the judicial process." *Smith v. Erickson,* 884 F.2d 1108, 1111 (8th Cir.1989). The Court therefore concludes that defendant Lincoln County Circuit Clerk is entitled to absolute immunity from plaintiff's claim that it misplaced his court transcripts. *See id.* (federal court clerk, who allegedly impeded inmate's access to the courts by intentionally delaying the filing of his original complaint and by lying to him about its whereabouts, was entitled to judicial immunity); *Davis v. McAteer,* 431 F.2d 81, 82 (8th Cir.1970) (holding state

court clerk who allegedly lost court file entitled to absolute immunity); A*yers v. Reynolds*, 60 F.3d 830 (8th Cir. 1995) (state court clerk entitled to absolute quasi-judicial immunity for her failure to timely file the state court judge's order or to transmit the certified record). Finally, plaintiff's claims against the State of Missouri are barred by the Eleventh Amendment. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This case is subject to dismissal on these bases, as well.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.42 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED**. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 15th day of May, 2018.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE